## CIRCUIT COURT OF THE CITY OF ROANOKE

Phoenix Financial Corp.
of Virginia, Inc.

v.

Maggie Radford
and Crestar Mortgage Corp.

February 13, 1998

Case No. CL97-1112

BY JUDGE ROBERT P. DOHERTY, JR.

The Motion for Judgment alleges that Defendant Radford quit her job with Plaintiff Phoenix and misappropriated proprietary customer lists which she used for the benefit of her new employer, Co-Defendant Crestar. It is also alleged that Plaintiff released Radford from a non-competition agreement on the condition that Radford not solicit the previous customers of Plaintiff. Plaintiff now says that Radford breached her fiduciary duty of loyalty to her old employer when she took the customer lists and solicited business for her new employer; that both Defendants tortiously interfered with Plaintiff's existing contracts and contracts at will; that a violation of the Uniform Trade Secret Act has occurred; and that Plaintiff is entitled to both compensatory and punitive damages as a result of the intentional and malicious acts of the Co-Defendants. Two conspiracy counts originally included in the Motion for Judgment have been withdrawn by Plaintiff. Both Defendants demurred.

I. Regarding the breach of a duty of loyalty to an employer, *Hilb, Rogal and Hamilton Co. v. DePew*, 247 Va. 240 (1994), holds that "an employee's fiduciary duty to his employer prohibits the employee from acting in a manner adverse to his employer's interest." Theft of an employer's customer lists or business information, by an employee, constitutes a violation of that fiduciary duty. The problem here is that Plaintiff's Motion for Judgment alleges that Radford was an agent and employee of Crestar at the

time all tortious acts occurred. If that was the case, no fiduciary duty of loyalty was owed by Radford after she left her job with Plaintiff, as she was no longer an employee. If, however, Radford was still employed by Plaintiff when the thefts occurred, she could be held liable for having violated a fiduciary duty owed to her employer. The use of the stolen information on behalf of Crestar apparently occurred after Radford was employed by Crestar, and thus those actions would not constitute a breach of fiduciary duty. The demurrers to this count are sustained. Plaintiff shall have twenty-one days from the date of this letter opinion to file an amended pleading clarifying this allegation against Radford, if it so desires.

II. The claims of tortious interference with contracts, whether existing or at will, require factual allegations in the pleadings sufficient to establish all of the elements of each tort. The elements of tortious interference with existing contracts, as set forth in *Perk v. Victor Resources Group, Ltd.*, 253 Va. 310 (1997), are:

(1) the existence of a valid contractual relationship or business expectancy;

(2) knowledge of the relationship or expectancy on the part of the interferer;

(3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and

(4) resultant damage to the party whose relationship or expectancy has been disrupted.

Quoting from other cases, the Court went on to say that "where a contract is terminable at will, however, a plaintiff, in order to present a prima facie case of tortious interference, must allege and prove not only an intentional interference that caused the termination of the at-will contract, but also that the defendant employed 'improper methods'."

Despite Defendant's objections to the contrary, it is not necessary that the specific economic relationships or the contracts interfered with be listed in the Motion for Judgment. The pleading fairly appraised the Defendants of the factual allegations against them and included all of the elements of both torts. Discovery is available for more detailed information. The improper methods alleged is the theft and use of the confidential business information. The demurrers to these counts are overruled.

III. The count charging a violation of the Uniform Trade Secrets Act, § 59.1-336, Code of Va. (1950), as amended, is clear on its face. The pleadings allege factually that the harm to the Plaintiff occurred through a

willful and malicious appropriation by one or more of the Defendants. That is sufficient to bring the punitive damage provisions of § 59.1-388 into play. The demurrers to this count are overruled.

IV. The demurrers to the general punitive damage count by the Plaintiff are sustained as the Plaintiff has not alleged the specific tort or torts for which the punitive damages are claimed. The Plaintiff has twenty-one days to file an amended pleading, if it so chooses, clarifying its position regarding the punitive damages.